UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RACHEL LUJAN, | ) | Case No. EDCV 07-1565-OP |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the three disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly developed the record;
2. Whether the ALJ properly considered Plaintiff's credibility; and
3. Whether the ALJ properly considered the type, dosage, effectiveness, and the side effects of Plaintiff's medications.

(JS at 2.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///

# III.
# DISCUSSION

A. **The ALJ Did Not Fail to Properly Develop the Record.**

Plaintiff contends that the ALJ should have informed Plaintiff, who was unrepresented at the hearing, that the ALJ could have subpoenaed certain missing medical records himself on Plaintiff's behalf. Plaintiff also contends the ALJ should have informed her that she could ask for an extension of time if she had difficulty obtaining the records. (JS at 4.)

At the hearing, Plaintiff appeared in pro per. She chose to go forward after waiving her right to representation. (AR at 12, 153-55.) At the end of an extensive admonishment about obtaining counsel, the ALJ asked Plaintiff if there was anything else she would like to ask him. Plaintiff responded, "No, I can just go ahead sir. I don't think I have anything I can - I asked to see my records, and I did call over to the main office and I never got a call back to see what you did or didn't have, because there is quite a long history." (Id. at 155.) The ALJ explained that he did not have any medical treatment records after December 2004 and further explained:

> [I]t is important to try to have all the updated records, especially since there are several years that we don't have records for. So if you decide you want to have a postponement to try to find a lawyer or the representative, all you have to do is tell me and I'll be happy to do that for you. Otherwise it would be up to you to try to get the update[d] records sent in to us as . . . soon as possible.

(Id. at 156.)

In response, Plaintiff merely noted that, "[t]he only thing that's changed is I have, you know, a different doctor. I am under a doctor's care at this time still.

3

I'm getting injections in my back, and I thought those had gone over to the office also, so I didn't know you didn't have that." (Id. at 157.) The ALJ faxed a form to Plaintiff to send to her doctor to complete, as well as a medication record form, and reiterated his request to have any records after November or December 2004 sent to him by March 12. (Id. at 158.) At the end of the hearing, the ALJ again asked Plaintiff to "just follow through with those other records we talked about, and just have those sent here by March 12 . . . . Later on I'll prepare a Decision that I'll mail out to you at [your] . . . address." (Id. at 178.) In his August 14, 2007, decision, the ALJ noted that the record had been "held open until April in anticipation of the claimant providing additional evidence, but none was received." (Id. at 16.)

    The ALJ has an independent duty to fully and fairly develop a record in order to make a fair determination as to disability, even where the claimant is represented by counsel. See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); see also Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)); Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (citing Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). The duty is heightened when, as here, the claimant is not represented by counsel. Celaya, 332 F.3d at 1183; see also Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005) (the Ninth Circuit distinguished Burch from Celaya at least in part, based on the fact that Burch was represented by counsel). Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." See Tonapetyan, 242 F.3d at 1150 (citing Smolen, 80 F.3d at 1288). However, it is the plaintiff's burden to prove disability. Baylis v. Barnhart, 427, F.3d 1211, 1217 (9th Cir. 2005) ("The claimant bears the burden of

proving that she is disabled" (citing Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999)).

In this case, the ALJ did not find that the evidence was ambiguous or inadequate to allow for a proper evaluation. (See, e.g., AR at 16.) Plaintiff did not represent that the missing evidence did anything more than demonstrate that she had changed doctors and was getting shots in her back. The information regarding epidural and other injections was already in the record. (See, e.g., id. at 93, 94, 104, 107, 109.) Moreover, after the hearing, the record reflects that on July 5, 2007, the Agency contacted Plaintiff to obtain additional medical records. (Id. at 145.) Plaintiff informed the Agency that she would fax records from Dr. Wood. (Id.) A case activity note in the record states that as of August 5, 2005, Plaintiff had never been seen at the facility or by Dr. Wood. (Id. at 140.) The Agency also requested documents from Dr. Wymore, and after he did not respond to the request, the Agency stated it would request the documents again. (Id.) Plaintiff was informed of the request and of Dr. Wymore's lack of response. (Id. at 145.) Nothing was ever received from either Dr. Wymore or Plaintiff.

The Court finds that the record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. Substantial evidence supported the ALJ's decision that Plaintiff was not disabled. The ALJ gave Plaintiff ample opportunity and instruction regarding sending additional records should she desire to supplement the record, and he kept the record open so that it could be supplemented. The ALJ more than adequately satisfied his duty to develop the record. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

**B.    The ALJ Properly Considered Plaintiff's Credibility.**

In his decision, the ALJ found Plaintiff not entirely credible based in part upon her recital of her "substantial" daily activities. (AR at 16.) In so doing, the

5

ALJ considered Plaintiff's reported daily activities of providing childcare (with the assistance of a friend), driving to the store, using a computer, paying bills, watching television, and serving as a paid caregiver for her father, feeding and changing him.  (Id.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he claimant's daily activities," and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Plaintiff contends the ALJ selectively considered and mischaracterized Plaintiff's testimony regarding the caregiving she provided to her father (JS at 8-9), her recent care for her two young grandchildren (id. at 9-10), and her migraine

headaches (id. at 10-11). Specifically, Plaintiff notes that the ALJ failed to mention Plaintiff's testimony that she was assisted by her mother in caring for her father, and that Plaintiff stated "we" would have to change him. (Id. at 9.) She contends that the ALJ should have mentioned that there were two family members assisting her in this care, her mother and her brother, and that therapists were also present at times. (Id.) The Court fails to find any error in the ALJ's failure to mention these facts. Plaintiff never testified that her brother was helping her, only that he was living in the same house.[3] (See AR at 165.) Although Plaintiff did testify that she was helping her mother take care of her father, she also stated that she made his food, fed him, and helped change him. (Id. at 164-65.) With or without assistance from her mother and/or her brother, these activities are, as the ALJ noted, substantial given Plaintiff's alleged impairments. Moreover, there is no indication that the therapists had any role in Plaintiff's father's routine care or that they assisted Plaintiff in these duties in any way.

      Plaintiff also notes that the ALJ failed to state that Plaintiff only had her grandchildren in her home for a one week period at the time of the hearing. (Id. at 9-10.) Again, although Plaintiff helped caring for these grandchildren, it is still probative that caring for them is a part of her alleged daily activities despite the alleged severity of her symptoms. The Court is not unsympathetic to the fact that at the time of the hearing the children had only been in Plaintiff's custody for a week. Nevertheless, even without considering this activity, the other daily activities testified to by Plaintiff still were substantial given the limitations alleged. Thus, any error was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (harmless error rule applies to review of administrative

---

[3] Nor would it make any difference in this analysis if Plaintiff's brother had been assisting.

decisions regarding disability).

Finally, Plaintiff notes that the ALJ failed to mention Plaintiff's migraine headaches anywhere in his decision and did not include migraines in his list of severe impairments. (JS at 10-11.) There is no evidence in the record that this condition significantly limited Plaintiff's ability to perform basic work activities. (AR at 171-72.) It is Plaintiff's burden to present "complete and detailed objective medical reports" of her condition. Meanel, 172 F.3d at 1113. Also, the mere existence of an impairment is insufficient proof of a disability. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (also noting that it is probative that no physician specifically opined that plaintiff was unable to perform any work). In fact, Plaintiff testified that if she takes the prescribed medication right away, the medication helps her. (AR at 172.)

Accordingly, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.

**C.   The ALJ Did Not Err with Respect to Consideration of the Alleged Side Effects of Plaintiff's Medication.**

In his decision, the ALJ noted that Plaintiff "takes medication without side effects." (Id. at 16.) At the hearing, the ALJ asked Plaintiff whether she was having any bad side effects from her medication. She responded, "Not that I know of." (Id. at 167.) Plaintiff contends the ALJ erred by limiting this question to "bad" side effects and not specifically discussing her medications and the side effects associated with them. (JS at 14-15.) Plaintiff also contends that the type and dosage of these medications clearly reflect the severity of her pain from her back and shoulder injuries. (Id. at 15.) Plaintiff then provides the list of potential side effects her medications are capable of producing, claiming these side effects

"can have a significant impact on an individual's ability to work." (Id.)

Under Ninth Circuit law, the ALJ must "consider *all* factors that might have a 'significant impact on an individual's ability to work.'" Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (quoting Varney v. Sec'y of Health & Human Servs., 846 F.2d 581, 585 (9th Cir.), relief modified, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well as subjective evidence of pain." Erickson, 9 F.3d at 818. When the ALJ disregards the claimant's testimony as to subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications. See Varney, 846 F.2d at 545; see also Muhammed v. Apfel, No. C 98-02952 CRB, 1999 WL 260974, at *6 (N.D. Cal. 1999).

However, medication side effects must be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985). In this case, Plaintiff consistently denied that she was experiencing any side effects from her medications, which include Vicodin, Fiorcet, Fiornal, Valium, and Soma. (AR at 55.) At the hearing, she denied any "bad" side effects. (Id. at 167.) In filling out disability reports, Plaintiff also denied <u>any</u> side effects from her medications. (Id. at 55, 63.) Nor do the medical notes reflect that Plaintiff was experiencing any medication side effects. (See generally id. at 67-139.)

Accordingly, there was no reason for the ALJ to mention the alleged side effects of the various medications. Thus, there was no error in his failure to do so.

/ / /
/ / /
/ / /
/ / /

9

**IV.**

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: March 17, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge

10